### SINGLETON v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. February 20, 1923.)

No. 2029.

Criminal law ☞201—Conviction in state court no bar to prosecution in federal court.

Conviction for the unlawful possession of intoxicating liquors in a state court in violation of the state law is not a bar to a subsequent prosecution in a United States court for violation of the National Prohibition Act.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

Criminal proceedings against Katie Singleton for violation of the National Prohibition Act. From an adverse judgment, defendant brings error. Affirmed.

C. G. Wyche, of Greenville, S. C. (Dean, Cothran & Wyche, of Greenville, S. C., on the brief), for plaintiff in error.

Ernest F. Cochran, U. S. Atty., of Greenville, S. C.

Before KNAPP and WADDILL, Circuit Judges, and ROSE, District Judge.

PER CURIAM. The plaintiff in error, the defendant below, was convicted in a state court of South Carolina of having intoxicating liquors in her possession in violation of a state law. Because of her possession of the same liquors, a prosecution was subsequently instituted against her in the United States court for a violation of the National Prohibition Act (41 Stat. 305). She objected that the state conviction

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was a bar to the federal prosecution. United States v. Lanza et al., 43 Sup. Ct. 141, 67 L. Ed. ——, decided by the Supreme Court December 11, 1922, disposes of that contention.

Affirmed.

KNAPP, Circuit Judge, who took part in the hearing of this case, died before the opinion was announced.